Filed 11/21/13  P. v. Kozloff CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058228 |
| v. | (Super.Ct.No. INF1203130) |
| CORY JAMES KOZLOFF, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Victoria E. Cameron, Judge.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Cory James Kozloff appeals after he pleaded guilty to one count of robbery and one count of child abuse, with allegations of weapon use with respect to the robbery and a prior strike conviction.  We affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

Because defendant pleaded guilty at an early stage of the proceedings, no record has been developed to describe the circumstances of the charged offenses. On December 26, 2012, however, a felony complaint was filed alleging that defendant had committed four offenses: Count 1 alleged that defendant had robbed Jane Doe, and that, in the commission of the offense, he was armed with a deadly or dangerous weapon (pepper spray). This count apparently arose from a robbery at a pizza business, and $800 was taken from an employee. Count 2 alleged a second count of robbery of Jane Doe, on the same date (Dec. 17, 2012) as alleged in count 1. Count 3 alleged a violation of Penal Code section 273a, subdivision (a), child endangerment as to John Doe. Count 4 alleged a felony charge of methamphetamine possession (Health & Saf. Code, § 11377, subd. (a)). The complaint also alleged that defendant had suffered one prior strike conviction, for burglary, and two prior prison term enhancements.

About one month after the complaint was filed, defendant agreed to change his plea as the result of a plea bargain. Defendant agreed to plead guilty to count 1, one of the robbery counts, and count 3, the child abuse charge. Defendant admitted both the weapon enhancement in count 1, and the strike prior. The plea specified that defendant would receive a sentence of five years.

At the change-of-plea and sentencing hearing, defense counsel explained the plea agreement; that defendant would plead guilty to counts 1 and 3, and the sentence to be imposed would be the low term on each count, doubled because of defendant's prior

2

strike, for a total of four years each. The weapon enhancement on count 1 would result in one additional year. The sentences on counts 1 and 3 would be served concurrently, so that defendant would serve five years in prison. His custody credits were calculated at 29 days, consisting of 26 days of actual custody, plus three days of credit under Penal Code section 2933.1. The trial court went over the plea agreement with defendant, and specifically asked whether he had read and understood the plea form, whether he had been advised of the consequences of his plea, and whether he had been advised of the rights he was giving up by changing his plea. In particular, the court warned defendant that the current robbery offense was an additional strike, so that a future third strike conviction could result in a sentence of 25 years to life.

The court also imposed a restitution fine of $240, a stayed parole revocation fine in the same amount of $240, a court operation assessment of $40 per count, and a conviction assessment fee of $30 per count. Defendant was advised that he could no longer possess or own any firearm, deadly weapon, or ammunition, and that he must provide a DNA sample pursuant to Penal Code section 296. The court ordered defendant to pay $800 in restitution to the pizza business with respect to the robbery conviction.

The court dismissed the remaining counts and allegations.

Defendant filed a notice of appeal on March 7, 2013, identifying the following possible issue on appeal: "Plea bargaining process, i.e., I was never considered for

'Romero motion' and/or attorney did not attempt to present this option; nor did the court during sentencing."[1]

## ANALYSIS

Defendant's notice of appeal requested that appellate counsel be appointed for him. We granted this request. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case, and identifying one potential arguable issue: whether defendant's presentence custody credits were correctly calculated. Counsel has also requested this court to undertake a review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental brief, which he has not done. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record and find no arguable issues.

We are not privy to the plea negotiations, and so have no basis upon which to review counsel's alleged failure to ask the trial court to exercise its discretion to dismiss defendant's prior strike. Indeed, defendant agreed as a part of the bargain to admit the strike, he personally signed the plea agreement, and he said in open court that he understood the agreed sentence of five years would be based on second strike sentencing as to counts 1 and 3.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

Because defendant was charged with and convicted of robbery, a felony enumerated in Penal Code section 667.5, subdivision (c), the provisions of Penal Code section 2933.1, subdivision (c), limited him to receiving 15 percent presentence custody conduct credit. Defendant was properly awarded three days of presentence custody conduct credit.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.